UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 1:14CR013 |
| Plaintiff/Respondent, | JUDGE DONALD C. NUGENT |
| v. | |
| NATHANIEL ANTOINE WRIGHT, JR., | MEMORANDUM OPINION AND ORDER |
| Defendant/Petitioner. | |

This matter comes before the Court upon Petitioner, Nathaniel Antoine Wright Jr.'s Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255 (ECF # 55). Petitioner seeks to vacate his sentence on one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii).

## FACTUAL AND PROCEDURAL HISTORY

On January 15, 2014, Petitioner was charged in two counts of a three count indictment. Count One charged Petitioner with aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2 and 2113 (a) and (d), and Count Two charged Petitioner with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On August 6, 2014, Petitioner pleaded guilty to the indictment against him as charged.

On November 10, 2014, this Court sentenced Petitioner to 36 months on Count One and 84 months on Count Two, to run consecutive. Petitioner did not file a direct appeal. Instead, on

June 20, 2016, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. (ECF # 55). Petitioner now asks this Court to vacate its sentence based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (finding the residual clause definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (hereinafter "ACCA") to be unconstitutionally vague.). On August 17, 2016, the Government filed a Response in Opposition to Petitioner's Motion for Relief under 28 U.S.C. § 2255. (ECF # 61).

## ANALYSIS

### I. Legal Standards.

#### A. Motion to Vacate under 28 U.S.C. § 2255.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where there "record conclusively shows that the petitioner is entitled to no relied") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Petitioner in this case alleges that his sentence must be vacated because his crime can only be considered a crime of violence under § 924 (c)(3)(B). He alleges

2

that § 924 (c)(3)(B) is unconstitutionally vague in violation of the Fifth Amendment to the United States Constitution and thus, his conviction must be vacated.

### B. Petitioner's Conviction is a Violent Felony under § 924 (c)(3)(A).

The petitioner was convicted of aiding and abetting armed bank robbery under 18 U.S.C. 2 and 2113 (a) and (d). Specifically, the portion under Section 2113 (a) that the petitioner was charged with was the "force, violence, and intimidation" portion. (R. 7: Indictment, PageID 36-37). The Sixth Circuit has determined that "force, violence, and intimidation" each involve "the use, attempted use, or threatened use of physical force." *United States v. McBride*, 2016 FED App. 0136P (6th Cir. 2016). This definition is the same definition of "violent felony" under 924 (c)(3)(A). Thus, the petitioner's conviction is considered a violent felony under § 924 (c)(3)(A) and his sentence is proper under § 924 (c)(3)(A).

### C. § 924 (c)(3)(B) is a narrower residual clause than the residual clause invalidated in *Johnson* and thus, *Johnson* does not apply.

The petitioner next argues that his conviction and sentence should be vacated because § 924(c)(3)(B) is void for vagueness pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). Assuming § 924(c)(3)(A) did not support the petitioner's conviction and sentence, his argument still fails because the Sixth Circuit rejected petitioner's exact argument in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) (distinguishing § 924(c)(3)(B) from the ACCA residual clause invalidated in *Johnson*). The Court in *Johnson* invalidated the residual clause of the Armed Career Criminal Act (ACCA), finding its residual clause language unconstitutionally vague. The ACCA residual clause states:

> [A]ny crime punishable by imprisonment for a team exceeding one year ... that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or
>
> (ii) is burglary, arson, extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C § 924(e)(2)(B) (*emphasis added*).

However in *Taylor*, the Court found § 924(c)(3)(B) to be "distinctly narrower, especially since it deals with physical force rather than physical injury" when compared to the broader residual clause examined in *Johnson*. *Taylor* at 376. Further, the Court determined that the language in § 924(c)(3)(B) had numerous other differences from *Johnson*'s narrow residual clause. *See generally id.* 376-77. Thus, following binding Sixth Circuit precedent, Petitioner's argument fails and his sentence is proper under § 924(c)(3)(B).

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

4

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending

5

Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF # 55) is DENIED. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: April 4, 2017